1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  ANDREW S. ANDERSEN,                    )   Case No.: 1:16-cv-00236-DAT-SAB (PC)
                                           )
12             Plaintiff,                  )
                                           )   FINDINGS AND RECOMMENDATION
13       v.                                )   RECOMMENDING DISMISSAL OF COMPLAINT
                                           )   FOR FAILURE TO STATE A COGNIZABLE
14  MARISELA MONTES, et al.,               )   CLAIM FOR RELIEF
                                           )
15             Defendants.                 )   [ECF No. 1]
                                           )
16  _____)

17        Plaintiff Andrew S. Andersen is appearing pro se in this civil rights action pursuant to 42

18  U.S.C. § 1983.

19        Currently before the Court is Plaintiff's complaint, filed February 19, 2016.

20                                    **I.**

21                         **SCREENING REQUIREMENT**

22        The Court is required to screen complaints brought by persons proceeding in pro per.  28

23  U.S.C. § 1915A(a).   Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is

24  frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

25  against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

26  1915(e)(2)(B)(ii).

27        A complaint must contain "a short and plain statement of the claim showing that the pleader is

28  entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

                                          1

1    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2    do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

3    550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally

4    participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,

5    Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

6         While persons proceeding pro se are still entitled to have their pleadings liberally construed

7    and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v.

8    Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's

9    claims must be facially plausible, which requires sufficient factual detail to allow the Court to

10   reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at

11   678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a

12   defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a

13   defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss,

14   572 F.3d at 969.

15                                          **II.**

16                            **COMPLAINT ALLEGATIONS**

17        Plaintiff names Marisela Montes (Commissioner of the California Board of Parole Hearings),

18   Tamiza Hockenhull (Deputy Commissioner of the Board of Parole Hearings), Nameeta Sahni

19   (Licensed Forensic Psychologist), and Jennifer Shaffer (Chief Executive Officer of the Board of

20   Parole Hearings), as Defendants.

21        Plaintiff contends that on November 17, 2015, he attended his initial suitability hearing and

22   Defendants Marisela Montes and Tamiza Hockenhull presided over the hearing.  The hearing lasted

23   for approximately five hours.

24        At the beginning of the hearing, Defendant Montes overruled the Plaintiff's objections to the

25   Comprehensive Risk Assessment (CRA) dated October 10, 2015, and incorporated the entire CRA

26   into the record.  After considering the CRA, Plaintiff's testimony, Plaintiff's central prison file,

27   documents presented to the panel by the Plaintiff, statements made by the attorneys, and other

28

2

documents the panel possessed, the panel found Plaintiff unsuitable for parole and gave him a five year denial.

Plaintiff contends that Defendant Montes violated Plaintiff's rights under the First Amendment, Defendant Montes was not impartial, he did not receive individualized consideration, the CRA is unreliable, Plaintiff was limited to submitted twenty pages of documents, Plaintiff did not have access to two documents, the panel's evaluation model is arbitrary, and the panels' model conflicts with the Cognitive Behavioral Therapy (CBT).

Plaintiff seeks the following as relief:

1.  Declare that Defendant Montes violated the plaintiff's First Amendment rights of freedom of speech and petition the government for redress of grievances.

2.  Declare California Code of Regulations, Title 15, section 2402 as a whole, unconstitutionally vague.

3.  Declare that the instructions issued by Defendant Montes and Hockenhull to the plaintiff as to what he is to do and not to do to become suitable for parole is, as a whole, unconstitutionally vague.

4.  Declare Defendant Sahni's Comprehensive Risk Assessment unreliable.

5.  Declare that the use of nonconfidential documents for the determination of unsuitability when the plaintiff has no access to those documents violates a state-created liberty interest and the Due Process Clause.

6.  Declare that the 20 page limit rule set by Defendants Montes and Hockenhull violates a state-created liberty interest and the Due Process Clause.

7.  Declare that Defendants Montes, Hockenhull, and Shaffer violated the plaintiff's First Amendment right of freedom of conscious.

8.  Issue an injunction ordering Defendant Shaffer to immediately order a new Comprehensive Risk Assessment based on the plaintiff's individual factors using a qualified sex offender assessment professional.

9.  Issue an injunction ordering defendant Shaffer to vacate the November 17, 2015 suitability determination and order a new suitability hearing after 30 days from the date the plaintiff receives Comprehensive Risk Assessment Report.

10. Issue an injunction directing Defendant Shaffer to have future suitability hearings and Comprehensive Risk Assessments conducted as directed by the Court.

11. Issue an injunction ordering Defendant Shaffer to publically publish the BPH risk assessment model and the evidence-based research supporting that model.

12. Issue an injunction ordering Defendant Shaffer to provide training to the commissioners on contemporary sex offender assessment and treatment models that are evidence-based.

13. Issue an injunction ordering Defendant Shaffer to publish guidelines that are sufficient and clear enough to guide self-help groups and treatment programs that are designed to help inmates meet the suitability criteria of the BPH.

14. Issue an injunction ordering defendant Shaffer to refrain from assigning commissioners to Panels overseeing sex offender suitability hearings who do not have the requisite training and experience.

15. Issue an injunction ordering defendant Shaffer to order the commissioners not use the lack of adequate therapy, programs, and self-help groups against life inmates in their determinations.

16. Recover any fees and suit costs.

17. Grant any other relief the Court deems just and proper.

(ECF No. 1, Compl. at 56-57.)

### III.

### DISCUSSION

The determination of whether certain claims should be raised by way of a civil rights action or a habeas corpus petition is not entirely clear.  See Nettles v. Grounds, 788 F.3d 992, 999 (9th Cir. 2015) ("relief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody…").  However, in this instance, it is clear from the holding in Swarthout v. Cooke, 562 U.S. 216 (2011), that Plaintiff is foreclosed from seeking relief by way of a civil rights action or habeas corpus petition.

4

In <u>Swarthout</u>, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  <u>Swarthout</u>, 562 U.S. at 222. The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." <u>Id.</u> at 220 (citing <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979)).  Review of the instant case reveals Plaintiff was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (<u>See</u> Ex. A, lodged.) Indeed, Plaintiff was represented by counsel, was allowed to present evidence, was afforded the opportunity to he heard, and was provided a reasoned decision for the denial of parole.  (<u>Id.</u>)  The fact that Plaintiff contests certain evidence relied upon by the parole board does not negate the fact that he was provided the minimal due process for which he is entitled under <u>Swarthout</u>.  <u>See</u> <u>Swarthout</u>, 562 U.S. at 221 (it is no federal concern … whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied").  According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process."  <u>Swarthout</u>, 562 U.S. at 220. "The Constitution does not require more [process]." <u>Greenholtz</u>, 442 U.S. at 16.  Accordingly, Plaintiff's complaint fails to state a cognizable claim for relief and leave to amend would be futile because his claims fail as a matter of law.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with

the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 15, 2016**

UNITED STATES MAGISTRATE JUDGE

6