UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. ANDERSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARISELA MONTES, et al.,<br><br>　　　　Defendants. | No. 1:16-cv-00236-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND REFERRING TO THE ASSIGNED MAGISTRATE JUDGE FOR FURTHER SCREENING<br><br>(Doc. Nos. 6, 9, 10) |

Plaintiff Andrew S. Andersen is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On March 15, 2016, the assigned magistrate judge issued findings and recommendations recommending that this civil rights action be dismissed due to plaintiff's failure to state a cognizable claim for relief. (Doc. No. 6.) That recommendation was based upon the decision in *Swarthout v. Cooke*, 562 U.S. 216 (2011), in which the Supreme Court held that a federal habeas court's review of whether a state prisoner denied parole had received due process was limited to determining whether the prisoner was provided an opportunity to be heard and a statement of the reasons why parole was denied. (Doc. No. 6 at 5.) Those findings and recommendations were served on plaintiff and contained notice objections were to be filed within thirty days. Plaintiff filed objections on March 31, 2016. (Doc. No. 8.)

In his objections to the findings and recommendations plaintiff for the most part argues that the Supreme Court's decision in *Swarthout* does not govern here because he has brought a civil rights action under 42 U.S.C. § 1983. (Doc. No. 8) Plaintiff also notes that in addition to his due process claim, his complaint also presented a First Amendment retaliation claim and a claim for violation of his rights under the First Amendment's Establishment Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. No. 8 at 1–2, 7–8, 11.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. To the extent plaintiff argues that his due process claims are not foreclosed by the Supreme Court's decision in *Swarthout*, his arguments are unavailing. As the Supreme Court has made clear, the procedural requirements of due process in state parole board hearings are "minimal," and all that is required is that the prisoner be provided "an opportunity to be heard" and "a statement of the reasons why parole was denied." *Swarthout*, 562 U.S. at 220 (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1 (1979)). Plaintiff's arguments that the holding in *Swarthout* does not apply to his case are unpersuasive.[1] As the magistrate judge concluded, the procedural due process rights of state prisoners in parole proceedings under the U.S. Constitution are limited and plaintiff has simply failed to state a cognizable due process claim in light of those limitations.

It does appear, however, that in his 60-page complaint plaintiff also has presented a claim of retaliation in violation of the First Amendment related to certain activities allegedly occurring immediately prior to his parole hearing. (Doc. No. 1 at 7–9, 52.) It also appears that plaintiff's complaint may attempt to present a claim for violation of his rights under the Establishment

/////

---

[1] Plaintiff's attempt to distinguish *Swarthout* on the ground that it was a habeas action while this is an action brought under 42 U.S.C. § 1983, misses the point. *Swarthout* concerned the requirements of due process and controls regardless of whether the current challenge falls within the "core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016); *see also Staich v. Brown*, No. 2:15-cv-0560 MCE KJN P, 2015 WL 8530043, at *3 (E.D. Cal. Dec. 11, 2015) (recommending in light of *Swarthout* that a civil rights plaintiff's due process challenge to the evidence relied upon in denying him parole be dismissed, stating "regardless of whether this claim is brought in habeas or civil rights, these claims fail").

Clause of the First Amendment and RLUIPA.[2] (Doc. No. 1 at 55.) These potential claims were not addressed in the magistrate judge's March 15, 2016 finds and recommendations. Accordingly, those findings and recommendations will be adopted with respect to the dismissal of plaintiff's due process claims. However, the matter will be referred back to the assigned magistrate judge for screening to determine whether any cognizable First Amendment retaliation claim or Establishment Clause/RLUIPA claim is stated by plaintiff's complaint and, if not, whether amendment should be permitted.

For the reasons set forth above:

1. The findings and recommendations filed on March 15, 2016 (Doc. No. 6) are adopted;
2. The due process claims alleged in plaintiff's complaint are dismissed without leave to amend due to plaintiff's failure to state a cognizable claim; and
3. The matter is referred back to the assigned magistrate judge for screening as to whether plaintiff's complaint states a cognizable First Amendment retaliation claim or Establishment Clause/RLUIPA claim and, if not, whether leave to amend should be granted.

IT IS SO ORDERED.

Dated:  **November 8, 2016**

UNITED STATES DISTRICT JUDGE

---

[2] The undersigned does not mean to suggest that a cognizable claim has been alleged in this regard. Indeed, it may be that to the extent plaintiff has attempted to present an Establishment Clause/ RLUIPA claim, it is no more than an attempt on his part to evade the Supreme Court's directive in *Swarthout* and have this court delve into the merits of the parole board's decision to deny him parole. However, it is appropriate for the magistrate judge to address any such claim in the first instance.