UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. ANDERSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARISELA MONTES, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00236-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED AS PREMATURE<br><br>[ECF Nos. 9, 10] |

Plaintiff Andrew S. Andersen is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed May 12, 2016, and order to show cause why a preliminary injunction should not be issued filed on May 17, 2016.

## I.

## RELEVANT HISTORY

On March 15, 2016, the undersigned issued Findings and Recommendations to dismiss the complaint for failure to state a cognizable claim for relief. Specifically, it was determined that Plaintiff's claims were barred by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2001).

On November 9, 2016, District Judge Drozd adopted the Findings and Recommendations regarding Plaintiff's due process claims, but remanded the action back to the undersigned for consideration whether Plaintiff stated a cognizable retaliation or Establishment Clause/RLUIPA claim and, if not, whether amendment should be permitted.[1]

## II.

## DISCUSSION

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

---

[1] On December 7, 2016, Plaintiff filed a motion for reconsideration of the District Judge's November 9, 2016, order.

Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In his motion for injunctive relief, Plaintiff requests the following:

1. To remove current threat of sanctions and to refrain from future threat of sanctions for the plaintiff's protected speech and beliefs;

2. To vacate the CRA [Comprehensive Risk Assessment] and immediate order a new CRA by a forensic psychologist who has the experience and expertize to conduct risk assessments for persons with the offense of the plaintiff;

3. To use the proper risk assessment instruments for the plaintiff's offense;

4. To follow the American Psychological Association's Code of Conduct when assessing the risk of the plaintiff;

5. To vacate the last suitability hearing and immediately order a new hearing;

6. To provide a criteria for suitability to the plaintiff that is realistically possible to achieve, clear enough for persons of ordinary intelligence to agree on its meaning and application, and based on a contemporary, evidence-based model of risk assessment and rehabilitation specific to his offense;

7. To perform suitability hearings based on a contemporary, evidence-based model of risk assessment and rehabilitation specific to the plaintiff's offense;

8. To not base suitability on CDCR programs, resources, and services that are not available to the plaintiff;

9. To not recommend programs, groups, and therapies that are not available or not validated by the BPH;

10. To follow the minimum due process requirements as determined by this court; and

11. To follow any other order this Court deems fit to address the facts and law in this case due to the plaintiff's pro se standing.

(Mot. at 2-3, ECF No. 9.)

The Court has yet to screen Plaintiff's complaint to determine whether Plaintiff states a cognizable retaliation and/or Establishment Clause/RLUIPA Claim, and now that Plaintiff has filed a motion for reconsideration of the Court's November 9, 2016, order, the Court will not screen the

complaint until the motion is ruled on by the District Judge.  Therefore, at this stage of the proceedings, the Court does not have before it an actual case or controversy, nor does the Court have jurisdiction over any of the Defendants in this action.  As a result, the Court has no jurisdiction at this time to award any preliminary injunctive relief.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).  Once the Court has screened the original complaint to determine if there any viable claims for relief, thereby satisfying the actual case or controversy requirement, Plaintiff may seek preliminary injunctive relief that is sufficiently related to his cognizable legal claims to confer jurisdiction on the Court to award the relief sought.  Lyons, 461 U.S. at 101; Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006); 18 U.S.C. § 3626(a)(1)(A).  Until such time, a request for preliminary injunctive relief is premature, and Plaintiff's must be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 12, 2016**

UNITED STATES MAGISTRATE JUDGE