UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. ANDERSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MARISELA MONTES, et al.,<br><br>    Defendants. | No. 1:16-cv-00236-DAD-SAB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 12) |

On December 7, 2016, plaintiff moved this court for reconsideration under Federal Rule of Civil Procedure 54(b). (Doc. No. 12.) In his motion, plaintiff essentially renews arguments concerning the applicability of *Swarthout v. Cooke*, 526 U.S. 216 (2011) that were made in his earlier objections to the findings and recommendations (*see* Doc. No. 8) and in doing so fails to present a valid basis for reconsideration. *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2011) ("[R]ecapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."); *Clarke v. Upton*, No. 1:07-CV-0888 AWI-SMS, 2012 WL 6691914, at *1 (E.D. Cal. Dec. 21, 2012) ( ("Reconsideration should not be used merely to ask the court to rethink what it has already thought.") The court finds no basis in these renewed arguments to revisit its prior ruling.

The one new argument plaintiff raises in his motion for reconsideration is that this court's order adopting the findings and recommendations of the assigned magistrate judge is at odds with

1

1  the decision in *Johnson v. Shaffer*, No. 2:12-cv-1059 KJM AC, 2013 WL 5934156 (E.D. Cal.
2  Nov. 1, 2013).  In *Johnson*, the plaintiff brought a § 1983 action alleging systematic deficiencies
3  with the psychological assessments being relied upon by the California Board of Parole Hearings.
4  2013 WL 5934156, at *1, 4.  Given the nature of the claims before it, the court concluded:

> *Swarthout* has no effect on the continuing viability of *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005), which holds that inmates may challenge the constitutionality of state parole procedures under section 1983.  Here as in *Wilkinson*, plaintiff challenges the process by which the state assesses parole suitability, but does not seek an injunction ordering his immediate or speedier release into the community.  *See id*. at 82.  *Swarthout* limits federal habeas review of individual parole decisions, but does not foreclose section 1983 challenges to the process by which a state assesses parole suitability.

*Id.* at *7.  In so concluding, the court distinguished the case before it from those, like this one, where § 1983 "plaintiffs challenged the evidentiary basis for their individual denials of parole," acknowledging that such claims "were foreclosed by *Swarthout*." Id. at *7, n. 4.

Here, plaintiff presents a direct challenge to his November 17, 2015 initial parole suitability hearing and the basis for the Board's decision finding him unsuitable for parole at that time.  (Doc. No. 1.)  Although plaintiff claims that he is not challenging the length of his confinement, a fair reading of his complaint establishes otherwise.  Indeed, in terms of relief plaintiff specifically seeks injunctive relief in the form of an order vacating the Board's November 17, 2015 parole suitability determination and directing that the Board to provide him with a new parole hearing within thirty days.  (Doc. No. 1 at 57.)  Therefore, the decision in *Johnson* is clearly distinguishable and the claims presented by plaintiff here are foreclosed by the Supreme Court's decision in *Swarthout*.

For all of the reasons set forth above, plaintiff's motion for reconsideration (Doc. No. 12) is denied.

IT IS SO ORDERED.

Dated:  **February 24, 2017**                  _____
                                                UNITED STATES DISTRICT JUDGE