UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. ANDERSEN, | Case No.: 1:16-cv-00236-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| MARISELA MONTES, et al., | |
| Defendants. | [ECF No. 1] |

Plaintiff Andrew S. Andersen is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**RELEVANT HISTORY**

Plaintiff filed the instant action on February 19, 2016.  On March 15, 2016, the undersigned issued Findings and Recommendations recommending that the instant action be dismissed for failure to state a cognizable claim for relief.  Plaintiff filed objections to the Findings and Recommendations on March 31, 2016.  On November 9, 2016, United States District Judge Dale A. Drozd adopted the Findings and Recommendations and dismissed Plaintiff's due process claims without leave to amend for failure to state a cognizable claim for relief, but referred the matter back to the undersigned for

1

further "screening as to whether plaintiff's complaint states a cognizable First Amendment retaliation claim or Establishment Clause/RLUIPA claim and, if not, whether leave to amend should be granted."

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///
///
///

# III.

# DISCUSSION

**A.     Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

With regard to any potential retaliation claim, Plaintiff alleges that Commissioner Montes is in a position of great power and authority because she determines whether a life inmate can be released. She abused that power and authority by using the fact that an inmate made a complaint to the government for redress of grievances as evidence against that inmate.  Commissioner Montes further abused her power and authority by threatening Plaintiff with sanctions (evidence of non-cooperation with the Panel) if he objects to the next Comprehensive Risk Assessment (CRA)

Plaintiff's allegations fail to give rise to cognizable retaliation claim; rather, Plaintiff's claim is a transparent attempt to seek review of the Board's denial of parole by way of section 1983.  Contrary to Plaintiff's claim, the presiding commissioner did not threaten Plaintiff with sanctions if he voiced opinion about the CRA at a subsequent hearing, rather, the commissioner merely stated, in pertinent part:

> The Risk Assessment by Dr. Sahni is very recent, October 14, 2015, and the doctor found you to pose a moderate risk of re-offense.  … We've incorporated the whole thing by reference, but I - - but I seriously would - - you've challenged it.  You've challenged her conclusions, but I think it would really behoove you to take an honest look at it, and not a defensive one.  But just a candid one, and see what you can learn from it, what you could gleam from it and how you could grow from that.  Just give it a try.  That may help you for your next hearing.

(ECF No. 2, Ex. B at 210-202.)

Plaintiff cannot attempt to fashion a retaliation claim based on the information relied upon to determine that he was not suitable for release on parole. The presiding commissioner merely made recommendations to Plaintiff and there is no factual support in the record to find that Plaintiff subjected to retaliation. Indeed, to make such determination would require the Court to review and weigh the factors information relied upon to determine if some evidence supports the Board's decision. This is exactly what this Court is prohibited from doing under Swarthout v. Cooke, 562 U.S. 216 (2011). Accordingly, Plaintiff fails to state a cognizable retaliation claim.

### B.  Establishment Clause/RLUIPA

The Establishment Clause of the First Amendment "prohibits the enactment of a law or official policy that 'establishes a religion or religious faith, or tends to do so.'" Newdow v. Lefevre, 598 F.3d 638, 643 (9th Cir. 2010) (quoting Lynch v. Donnelly, 465 U.S. 668, 678, 104 S.Ct. 1355 (1984)). The clause applies to official condonement of a particular religion or religious belief, and to official disapproval or hostility towards religion. American Family Ass'n, Inc. v. City and County of San Francisco, 277 F.3d 1114, 1120-21 (9th Cir. 2002) (quotation marks and citations omitted).

To state a claim for violation of RLUIPA, Plaintiff must allege facts plausibly showing that the challenged policy and the practices it engenders impose a substantial burden on the exercise of his religious beliefs; Plaintiff bears the initial burden of persuasion on this issue. Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1124-25 (9th Cir. 2013) (quotation marks omitted).

"Courts are expected to apply RLUIPA's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1124-25 (9th Cir. 2013) (citing Cutter v. Wilkinson, 544 U.S. 709, 723 (2003)) (internal quotation marks omitted).

///
///
///
///
///

With regard to Plaintiff's claim under the Establishment Clause and/or RLUIPA, Plaintiff alleges in conclusory and vague terms as follows:

> [Violation of the Freedom of Religion Clause of the First Amendment of the United States Constitution, the RFRA, and the RLUIPA against defendant Montes, Hockenhull, and Shaffer.]
>
> The defendants are imposing an evaluation and rehabilitation model on the plaintiff that goes against the plaintiff's belief in science-based models.
>
> The plaintiff's beliefs are founded on scientific-based literature related to offender assessment and rehabilitation and neuroscience.  The plaintiff is what Harvard neuroscientist Joshua Greene calls a "deep pragmatist" or neuroscience informed utilitarian.  It addresses fundamental and ultimate questions and is comprehensive in nature.  The plaintiff is sincere in his belief in the scientific-method as the means to determine morality and the model of a rehabilitated person.
>
> The defendants have not provided any legitimate reason why their Model is equal to or superior to models based on science.
>
> The defendants are imposing a Model on the plaintiff that is based on intuition, personal beliefs, speculations, guesswork, and whims.  There is not legitimate penological reason to follow the defendants' Model over the plaintiff's.
>
> The defendants' Model is irrational because, as a whole, it is not based on fact.
>
> The defendants are imposing a civil religion on the plaintiff that is faith-based, not empirical evidence-based.
>
> There is evidence that the defendants are imposing the religious-based 12 step program on the plaintiff.

(Second Amd. Compl. at 55.)

Plaintiff has failed to state a cognizable claim under the Establishment Clause or RLUIPA. First, as with Plaintiff's prior claim, although Plaintiff is attempting to couch his claims as a violation of his religious practices, the crux of his claim relates solely to the Board's decision finding him unsuitable for parole which is not cognizable.  Second, there is no showing of a violation of the Establishment Clause or RLUIPA in this instance.  Although the Board discussed Plaintiff's participating in self-help programming, the panel did not indicate that Plaintiff was required to participate in any religious-based program in order to be found suitable for parole.

After review of the entire parole hearing transcript, there is simply no evidence to support Plaintiff's claim that he was required to participate in any religious-based 12 step program. See, e.g., Williams v. Wong, Case No. CIV S-09-2933 KJM DAD P (finding no First Amendment violation in denying a petition for writ of habeas corpus where the parole board merely recommended but did not require participation in AA 12-step program.)  Rather, Plaintiff merely disagrees with the Board's evaluation on the ground that his scientific-model is superior.  This Court cannot implement statutory language for use at California parole hearings.  Further, to the extent Plaintiff contends that he was required to participate in a religious-based 12 step program through Alcoholics Anonymous or Narcotics Anonymous, such claim is belied by the transcript of the hearing. See ECF No. 2, Ex. B, at 150-151 (noting that although Plaintiff had used alcohol and drugs at various times, the doctor did not feel that he met the criteria for a substance related diagnoses.)  Accordingly, Plaintiff fails to state a cognizable Establishment Clause and/or RLUIPA claim, and the action should be dismissed, without leave to amend.

## IV.

## RECOMMENDATION

Based on the foregoing, after a thorough review of Plaintiff's complaint and the relevant transcript of the parole hearing, the Court finds that Plaintiff fails to state a cognizable retaliation or Establishment Clause/RLUIPA claim, and the action should be dismissed, without leave to amend.[1] Because the deficiencies in Plaintiff's complaint cannot be cured by amendment, leave to amend would be futile.  See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1005-06 (9th Cir. 1995).

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

---

[1] To this end, District Judge Drozd specifically noted in the November 8, 2016, order, that Plaintiff's attempt to present an Establishment Clause/RLUIPA claim may be nothing more than an attempt to evade the Supreme Court's directive in Swarthout "and have this court delve into the merits of the parole board's decision to deny him parole."  This is exactly what Plaintiff is attempting to do, and leave to amend should be denied as futile.

Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 20, 2017**

UNITED STATES MAGISTRATE JUDGE