| | |
|---|---|
| | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW S. ANDERSEN, | ) Case No.: 1:16-cv-00236-DAD-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER |
| MARISELA MONTES, et al., | ) |
| Defendants. | ) [ECF No. 30] |

Plaintiff Andrew S. Andersen is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on February 19, 2016. On July 11, 2017, the instant action was dismissed for failure to state a cognizable claim for relief. The Court found that Plaintiff failed to state cognizable claims for due process violation, retaliation, or Establishment Clause/RLUIPA.

On December 29, 2017, the Ninth Circuit Court of Appeals affirmed in part and vacated in part the Court's July 11, 2017, dismissal, and the mandate issued on January 22, 2018. (ECF Nos. 30, 31.) The Ninth Circuit determined that the Court properly dismissed Plaintiff's as applied challenge to the parole procedures because he failed to allege facts sufficient to show that the parole proceedings denied him due process. (Id.) However, it was determined that the Court improperly dismissed Plaintiff's facial challenge to the parole procedures without allowing leave to amend as to such claim, citing Wilkinson v. Dotson, 544 U.S. 74, 76, 82 (2005). (Id.) Accordingly, pursuant to the Ninth

1

Circuit's remand of this case, the Court will provide Plaintiff with the applicable legal standard and grant Plaintiff the opportunity to file an amended complaint as to the alleged facial challenge to the parole procedure only.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002), overruled on other grounds by Swarthout v. Cooke, 562 U.S. 216 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1190-91 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.").

State prisoners may challenge the constitutionality of state parole procedures in an action under section 1983 seeking declaratory and injunctive relief. Wilkinson v. Dotson, 544 U.S. at 76. In Wilkinson, the United States Supreme Court addressed the issue of whether an inmate could challenge a parole denial by way of section 1983 rather than a habeas corpus petition. Id. at 74. The Court determined that an inmate may initiate a section 1983 action to seek invalidation of "state procedures used to deny parole eligibility … and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." Id. at 82. At most, an inmate can seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in an actual grant of parole. Id. Thus, section 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. Id. at 81.

Therefore, in order for Plaintiff to state a cognizable section 1983 claim, he must demonstrate that the parole procedures utilized at his November 2015 hearing were constitutionally inadequate. Simply put, in amending the complaint Plaintiff must explain how his procedural due process rights

were deprived, rather than explaining why he believes the Board of Parole Hearings made incorrect substantive decisions. Plaintiff is further advised that the Court is not able to draft new state statutory language for California parole hearings.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, Plaintiff may file an amended complaint only as to his allegations relating to an alleged facial challenge to the parole procedure; and

2. Failure to comply with this order will result in a recommendation that the instant action be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **January 24, 2018**

UNITED STATES MAGISTRATE JUDGE