UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. ANDERSEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARISELA MONTES, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00236-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 46] |

Plaintiff Andrew S. Andersen is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed November 19, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Jennifer Shaffer, Chief Executive Officer of the Board of Parole Hearings, as the sole Defendant.

Plaintiff presents a First Amendment facial challenge to the Board of Parole Hearings (BPH) regulatory scheme for determining whether to permit life prisoners early release. The BPH regulatory scheme delegates overly broad discretion to government officials in making suitability decisions. There is nothing in the regulations that prevent government officials from making content-of-speech-based decisions. The regulatory scheme as written burdens more speech than is necessary to further the government's legitimate interests. There are no objective, measurable standards that BPH panels are required to comply with when issuing content-based suitability instructions. The suitability instructions compel a life prisoner to change their thoughts, beliefs, feelings, and speech to comply with those content-based instructions.

# III.

# DISCUSSION

**A. First Amendment Facial Challenge to California Board of Parole Regulatory Scheme**

A facial challenge to a law's constitutionality is an effort "to invalidate the law in each of its applications, to take the law off the books completely." Connection Distrib. Co. v. Holder, 557 F.3d 321, 335 (6th Cir. 2009) (en banc); see also Vill. of Hoffman Estates v. Flipside Estates, Inc., 455 U.S. 489, 495, n.5 (1982) ("a 'facial' challenge … means a claim that the law is 'invalid in toto—and therefore incapable of any valid application.'") (quoting Steffel v. Thompson, 415 U.S. 452, 474 (1974)). In United States v. Salermo, 481 U.S. 739 (1987), the Supreme Court held that a plaintiff can only succeed in a facial challenge by "establish[ing] that no set of circumstances exists under which the Act would be valid," i.e., that the law is unconstitutional in all of its applications. Id. at 745. Exercising judicial restraint in a facial challenge "frees the Court not only from unnecessary pronouncement on constitutional issues, but also from premature interpretations of statutes in area where their constitutional application might be cloudy." United States v. Raines, 362 U.S. 17, 22 (1960).

However, there is an exception to this general rule for facial challenges based on the First Amendment. If a plaintiff presents a facial challenge under the First Amendment to a statute's constitutionality, the facial challenge is an overbreadth challenge. City of Houston, Tex. v. Hill, 482 U.S. 451, 458 (1987.) ("Only a statute that is substantially overbroad may be invalidated on its face.") (citing New York v. Ferber, 458 U.S. 747, 769 (1982); Broadrick v. Oklahoma, 413 U.S. 601 (1973)).

In the First Amendment context, whether the law is substantially overbroad and vague depends primarily upon whether it reaches a substantial amount of protected speech or conduct. City of Houston, 482 U.S. at 458. (citing Hoffman Estates v. The Flipside, Hoffman Estates, Inc., 455 U.S. at 494.

A facial challenge based on substantial overbreadth "describe[s] a challenge to a statute that in all its applications directly restricts protected First Amendment activity and does not employ means narrowly tailored to serve a compelling governmental interest." Sec'y of State of Md. V. Joseph H.

3

Munson Co., Inc., 467 U.S. 947, 966, n.13 (1983) (citing Vill. Of Schaumburg v. Citizens for a Better Env't, 444 U.S. 620, 637-639 (1980)). The Supreme Court has recognized that the point of an overbreadth challenge "is that there is no reason to limit challenges to case-by-case 'as applied' challenges when the statute on its face and therefore in all its applications falls short of constitutional demands." Joseph H. Munson Co., Inc., 467 U.S. at 966 n.13. Therefore, to succeed in an overbreadth challenge, a plaintiff must "demonstrate from the text of [the statute] and from actual fact that a substantial number of instances exist in which the [statute] cannot be applied constitutionally." N.Y. State Club Ass'n v. City of N.Y., 487 U.S. 1, 14 (1988).

Pursuant to California Code of Regulations, Title 15, section 2281, the determination of suitability is set forth as follows:

> (a) General. The panel shall first determine whether a prisoner is suitable for release on parole. Regardless of the length of time service, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.
>
> (b) Information Consideration. All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's: social history, past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliability documented; the base and other commitment offense, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.
>
> (c) Circumstances Tending to Show Unsuitability. The following circumstances each tend to indicate unsuitability for release. These circumstances are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel. Circumstances tending to indicate unsuitability include:
>
> (1) Commitment Offense. The prisoner committed the offense in an especially heinous, atrocious or cruel manner. The factors to be considered include:
>
> (A) Multiple victims were attacked, injured or killed in the same or separate incidents.
>
> (B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.

4

(C) The victim was abused, defiled or mutilated during or after the offense.

(D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.

(E) The motive for the crime is inexplicable or very trivial in relation to the offense.

(2) Previous Record of Violence. The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at any early age.

(3) Unstable Social History. The prisoner has a history of unstable or tumultuous relationships with others.

(4) Sadistic Sexual Offenses. The prisoner has previously sexually assaulted another in a manner calculated to inflict unusual pain or fear upon the victim.

(5) Psychological Factors. The prisoner has a lengthy history of severe mental problems related to the offense.

(6) Institutional Behavior. The prisoner has engaged in serious misconduct in prison or jail.

(d) Circumstances Tending to Show Suitability. The following circumstances each tend to show that the prisoner is suitable for release. The circumstances are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel. Circumstances tending to indicate suitability include:

(1) No Juvenile Record. The prisoner does not have a record of assaulting others as a juvenile or committing crimes with a potential of personal harm to victims.

(2) Stable Social History. The prisoner has experienced reasonably stable relationships with others.

(3) Signs of Remorse. The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, or the prisoner has given indications that he understands the nature and magnitude of the offense.

(4) Motivation for Crime. The prisoner committed his crime as the result of significant stress in his life, especially if the stress had built over a long period of time.

(5) Battered Woman Syndrome. At the time of the commission of the crime, the prisoner suffered from Battered Woman Syndrome, as defined in section 2000(b), and it appears the criminal behavior was the result of that victimization.

(6) Lack of Criminal History. The prisoner lacks any significant history of violent crime.

(7) Age. The prisoner's present age reduces the probability of recidivism.

(8) Understanding and Plans for Future. The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release.

(9) Institutional Behavior. Institutional activities indicate an enhanced ability to function within the law upon release.

Cal. Code. Regs. tit. 15, § 2281(a)-(d). Section 2255 states that "[e]very prisoner and his attorney if he was represented by an attorney at a [parole] hearing shall receive a copy of the decision specifying the decision, the information considered and the reasons for the decision." Cal. Code 15 C.C.R. § 2255.

The text of the parole suitability statute does not implicate the First Amendment and Plaintiff's facial challenges do not implicate the First Amendment.[1] Plaintiff contends that the BPH regulatory scheme as set forth in Title 15 of California Code of Regulations sections 2281 and 2255 does not prevent the BPH panel from issuing decisions based on content-of-speech. Plaintiff relies on the decision in Forsyth County v. Nationalist Movement, 505 U.S. 123 (1992), to support his position. The Forsyth County case involved a facial challenge to a county ordinance which required citizens to obtain a permit before holding a parade or assembly on public property. The ordinance, on its face and in practice, gave the licensing authority "unfettered" discretion to set the amount of a parade permit fee, or even to waive it entirely. Forsyth Ctny, 505 U.S. at 131-32. The Court overturned the ordinance because it lack procedural safeguards to prevent viewpoint discrimination. The county administrator could freely decide "[w]hether or not, in any given instance, the fee would include any or all of the county's administrative and security expenses." Id. at 131. There, the fee imposed upon an applicant was not tethered to any particular costs burne by the county, nor to any other objective criteria. Rather, "[t]he decision how much to charge for police protection or administrative time—or

---

[1] Indeed, the Supreme Court has recognized that the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. See Shaw v. Murphy, 532 U.S. 223, 229 (2001).

even whether to charge at all—[was] left to the whim of the administrator," based on "his own judgment of what would be reasonable. Id. at 132-33. Because the ordinance lacked criteria to guide official discretion and prevent arbitrary decision making, the ordinance violated the First Amendment. Id. at 133-34.[2]

In this instance, the parole suitability criteria does not involve "unbridled discretion" to the BPH panel in determining whether an inmate is suitable for release on parole. Nor does the regulation set forth an overly vague criteria for assessing whether an inmate is suitable for parole. Section 2281 provides an articulated standard and "objective factors" that the BPH are to consider when determining whether an inmate is suitable for release on parole.[3] The parole statute provides narrow objectives and definite standards to guide the BPH and therefore is not invalid on its face. Forsyth Cnty., 505 U.S. at 131. In addition, and contrary to Plaintiff's contention, the BPH's decision is subject to judicial review, by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. In Swarthout v. Cooke, 562 U.S. 216 (2011), the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." 562 U.S. at 222. The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 220 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).

For the foregoing reasons, Plaintiff fails to state a cognizable First Amendment claim based on overbreadth of the parole suitability statutes.

///

///

---

[2] The Court noted that "the success of a facial challenge on the grounds that an ordinance delegates overly broad discretion to the decisionmaker rests not on whether the administrator has exercised his discretion in a content-based manner, but whether there is anything in the ordinance preventing him from doing so." Forsyth Cnty., 505 U.S. at 133 n.10.

[3] Moreover, Plaintiff has raised similar arguments in two prior actions, both of which were dismissed. See Andersen v. Beard, No. C 11-03752 YGR (PR), 2014 WL 232108 (N.D. Cal.) (dismissed on January 21, 2014, for failure to state a cognizable claim for relief; Andersen v. Chavez, No. 1:16-cv-00368-LJO-BAM (PC), 2017 WL 5608089 (E.D. Cal.) (dismissed on February 9, 2017, for failure to state a cognizable claim for relief).

# IV.

# CONCLUSION AND RECOMMENDATION

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's third amended complaint fails to state a cognizable claim for relief. Based upon the allegations in Plaintiff's third amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a facial challenge under the First Amendment to the California parole criteria, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

For the reasons explained, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 27, 2018**

UNITED STATES MAGISTRATE JUDGE