UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. ANDERSEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARISELA MONTES, et al.,<br><br>　　　　　Defendants. | No. 1:16-cv-00236-DAD-SAB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 53) |

Plaintiff Andrew S. Andersen is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 9, 2019, the undersigned issued an order adopting in full the assigned magistrate judge's November 28, 2018 findings and recommendations recommending dismissing plaintiff's third amended complaint without further leave to amend for failure to state a claim. (Doc. No. 51.)

On April 29, 2019, plaintiff moved this court for reconsideration of the April 9 order. (Doc. No. 53.) Therein, plaintiff concedes that the rights prisoners possess are more limited in scope than the constitutional rights held by non-incarcerated individuals, but continues to argue, as he did in his objections to the November 28, 2018 findings and recommendations (*see* Doc. No. 50), that the regulatory scheme of the California Board of Parole Hearings ("BPH") for determining whether to grant life prisoners release on parole violates the First Amendment because BPH regulations are overbroad and chill prisoners' thoughts and beliefs. (Doc. No. 53 at

1

4–5.) In the alternative, plaintiff asks this court for leave to file a fourth amended complaint, which he has attached to the pending motion. (Doc. No. 53 at 6–20.)

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Here, the pending motion falls far short of these standards. Plaintiff has not shown mistake, inadvertence, surprise, or excusable neglect; has not shown the existence of either newly discovered evidence or fraud; has not established that the judgment is either void or satisfied; and has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the court's Local Rules, plaintiff has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). The pending motion essentially renews plaintiff's facial

challenge to BPH's parole procedures and regulations but, in doing so, he has provided no basis for the court to reconsider its prior order. Plaintiff contends that "[i]t is premature for the Court to rule that a regulation is not overbroad before inmates have an opportunity to present alternatives that are more narrowly tailored." (Doc. No. 53 at 4.) This argument, however, is unavailing. First, plaintiff cites to no authority in support of his position. Second, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010) (citation omitted); *see also Sami Mitri v. Walgreen Co.*, No. 1:10-CV-538 AWI SKO, 2015 WL 1876133, at *1 (E.D. Cal. Apr. 10, 2015) ("Reconsideration should not be used merely to ask the court to rethink what it has already thought."). Third, the pending motion does not address, let alone dispute in any meaningful way, the analysis set forth in the November 28, 2018 findings and recommendations that the BPH regulations at issue are not overbroad because they set forth standards and objective factors that BPH is to consider when determining whether an inmate is suitable for release on parole. (Doc. Nos. 47 at 6–7; 51 at 2.) Accordingly, the court will deny plaintiff's motion for reconsideration.

Finally, the court denies plaintiff's request to file a fourth amended complaint. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading . . . with the court's leave [and] . . . [t]he court should freely give leave when justice so requires." In evaluating whether leave to amend should be given, the following factors should be considered: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808; *see also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.") However, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th

Cir. 2012) (citation omitted).  Here, the court concludes it would be futile to grant plaintiff further leave to amend because:  (1) the court provided him with the applicable legal standards to allege a facial challenge to the parole procedure (*see* Doc. No. 32 at 2–3); (2) plaintiff has been granted three opportunities to mount such a facial challenge (*see* Doc. Nos. 32, 41, 43); and (3) his facial challenge to the BPH regulations fails as a matter of law.

Accordingly, plaintiff's motion for reconsideration (Doc. No. 53) is denied in its entirety.

IT IS SO ORDERED.

Dated:  **June 3, 2019**

UNITED STATES DISTRICT JUDGE